UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN WRIGHT,

              Petitioner,

     v.                            CAUSE NO.: 3:19-CV-590-RLM-MGG

WARDEN,

              Respondent.

OPINION AND ORDER

Steven Wright, a prisoner without a lawyer, filed a habeas corpus petition challenging his 2010 child molestation conviction in Elkhart County. (ECF 2.) For the reasons stated below, the court denies the petition as untimely.

I.     BACKGROUND

The court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Mr. Wright's burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth the facts underlying Mr. Wright's conviction as follows:

> On an unspecified evening in March of 2009, seven-year old K.M. fell asleep on the floor of her aunt's bedroom, while her mother, J.L., slept in the bed. Wright, who was dating J.L., entered the room, "crouched down and . . . started rubbing [K.M.'s] belly.". . . K.M. later testified that "[a]t first he was on top, then he started going under my clothes." She testified further that Wright "rubbed and push[ed]" his index finger "in circles" under her panties and "between [her] private." K.M. indicated that her "private" is her vagina, where she "pee[s]."

Wright v. State, 945 N.E.2d 828 (Table), 2011 WL 1118987, at *1 (Ind. Ct. App. 2011) (internal citations omitted). The state charged Mr. Wright with two counts of child molestation. *Id.* He was tried by a jury and found guilty. *Id.* The court imposed an aggravated 35-year prison sentence based on Mr. Wright's criminal record and that he had abused a position of trust. *Id.* at *3.

Mr. Wright argued on direct appeal that the evidence was insufficient to support his conviction and the trial court committed fundamental error in connection with one of the jury instructions. *Id.* at *1-*3. On March 28, 2011, the Indiana Court of Appeals issued an opinion rejecting these arguments and affirming his conviction. *Id.* at *3-*5.

Nothing further happened in the case until April 2012, when attorney Mark Small filed a "limited appearance" on Mr. Wright's behalf for the purpose of withdrawing the trial record.[1] Counsel's request to withdraw the record was granted. Mr. Small moved to withdraw his appearance in November 2013. That motion was granted in January 2014.

Mr. Wright filed a *pro se* post-conviction petition in October 2014. The public defender subsequently entered an appearance on his behalf, and after conducting discovery, filed an amended petition asserting various claims of ineffective assistance of trial and appellate counsel. The petition was denied after an evidentiary hearing. On appeal from that ruling, Mr. Wright argued that his

---

[1] Mr. Small didn't represent Mr. Wright at trial or on direct appeal. Mr. Wright was represented by attorney James Stevens at trial (ECF 12-1), and attorney Marielena Duerring on direct appeal. Mr. Stevens passed away in 2010, after the trial concluded. Wright v. State, 123 N.E.3d 711 (Table), 2019 WL 1187701, at *3 (Ind. Ct. App. 2019).

2

trial counsel was ineffective in failing to impeach K.M. and her mother, and his counsel on direct appeal was ineffective in failing to argue that the trial court abused its discretion in imposing an aggravated sentence. Wright v. State, 123 N.E.3d 711 (Table), 2019 WL 1187701, at *2-*6 (Ind. Ct. App. 2019.) The Indiana Court of Appeals rejected these arguments and affirmed the denial of post-conviction relief on March 14, 2019. *Id.* at *6. The Indiana Supreme Court denied transfer in June 2019. Wright v. State, 129 N.E.3d 785 (Ind. 2019).

In the midst of the post-conviction proceedings, in November 2017, Mr. Wright filed, and the court denied, a *pro se* motion requesting leave to file a belated petition to transfer in his direct appeal.

Mr. Wright tendered his federal habeas corpus petition to prison officials for mailing on July 16, 2019. Giving the petition liberal construction, he asserts that: (1) his conviction wasn't supported by sufficient evidence; (2) his trial attorney was ineffective in failing to impeach K.M. and her mother; and (3) his appellate attorney was ineffective in failing to challenge the sufficiency of the evidence and in failing to argue that his sentence was "inappropriate." The respondent argues that the petition must be denied because it is untimely and Mr. Wright's claims procedurally defaulted or otherwise without merit.

II.   ANALYSIS

Mr. Wright's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which contains a strict statute of limitations, set forth as follows:

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Indiana Court of Appeals affirmed Mr. Wright's conviction on March 28, 2011. Wright v. State, 2011 WL 1118987. He didn't seek rehearing or file a timely petition to transfer in the Indiana Supreme Court.[2] He sought leave to file a belated petition to transfer several years later, but that request was denied.

---

[2] Mr. Wright say in his traverse that his appellate counsel advised him at the time of the Indiana Court of Appeals' decision that she could not "in good faith" file a petition to transfer on his behalf. Mr. Wright had no Sixth Amendment right to counsel in connection with the filing of a petition to transfer. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Ross v. Moffitt, 417 U.S. 600, 610 (1974).

His conviction became final for purposes of AEDPA when the time for filing a petition to transfer expired 30 days after the Indiana Court of Appeals issued its opinion. *See* Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of state review, the judgment becomes final when the time for filing a further appeal expires); *see also* IND. R. APP. P. 57(C) (2011) (petition to transfer due no later than 30 days from the adverse decision by the court of appeals). As of that date—April 27, 2011—the one-year clock began running, giving Mr. Wright until April 26, 2012, to file a timely federal petition. He didn't file his federal petition by that deadline.

The federal deadline had already expired by the time Mr. Wright filed a state post-conviction petition in October 2014. A total of 1,275 days had elapsed on the federal clock. The Indiana Court of Appeals' decision in March 2019 affirming the denial of post-conviction relief didn't restart the deadline or open a new "window" for federal habeas review. De Jesus v. Acevedo, 567 F.3d 941, 942-43 (7th Cir. 2009). Another eighteen days elapsed between the date the Indiana Supreme Court denied transfer on post-conviction review and the date Mr. Wright tendered his federal petition for mailing. This petition was thus filed well over a year—1,293 days, to be exact—after Mr. Wright's conviction became final.

Mr. Wright doesn't argue, and the court doesn't see a basis in the record to conclude, that his claims are based on newly discovered facts or a new Supreme Court case so as to trigger 28 U.S.C. § 2244(d)(1)(B)-(D). Instead, he is asserting straightforward claims of sufficiency of the evidence and ineffective assistance of counsel based on trial counsel's performance at trial and appellate

counsel's performance on direct appeal. The factual basis for these claims would have been available to him at the time of the trial and the direct appeal, which occurred in 2010 and 2011. Nor does he identify any external impediment that prevented him from filing his federal petition on time. Mr. Wright's petition is untimely under 28 U.S.C. § 2244(d).

Mr. Wright invokes the doctrine of equitable tolling, arguing that his failure to comply with the federal deadline was caused by Mr. Small. In effect, he argues that he hired Mr. Small to file a post-conviction petition, but Mr. Small's failure to act in a timely fashion meant that nothing was filed prior to the expiration of the federal deadline. Under these circumstances, Mr. Wright argues that his petition should be deemed timely filed.

Equitable tolling is a common law doctrine that may be applied to excuse an untimely filing if the petitioner can establish that he "has been pursuing his rights diligently" but was prevented from filing on time due to some "extraordinary circumstance" that stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[E]xtraordinary circumstance" means something "beyond the applicant's control that prevents timely filing; simple legal errors, such as ignorance of the federal deadline, do not suffice." Perry v. Brown, 950 F.3d 410, 412 (7th Cir. 2020). Cases of "egregious attorney misconduct" can constitute grounds for equitable tolling, but tolling is not warranted for "garden variety" attorney negligence. Lombardo v. United States, 860 F.3d 547, 553 (7th Cir. 2017) (citing Holland v. Florida, 560 U.S. at 652-53). Whether a particular situation warrants tolling is a fact-specific,

case-by-case determination. Holland v. Florida, 560 U.S. at 652. Equitable tolling is "an extraordinary remedy that is rarely granted." Mayberry v. Dittmann, 904 F.3d 525, 529 (7th Cir. 2018).

Mr. Wright hasn't satisfied the "high bar" needed to obtain equitable tolling. Mayberry v. Dittman, 904 F.3d at 529. Although he claims he hired Mr. Small to immediately file a state post-conviction petition, the documentation he submits shows that Mr. Small only agreed to review the trial record for the purpose of "determining whether there are meritorious grounds for filing a Petition for Post-Conviction Relief." Mr. Small was retained on April 1, 2012, and he filed a limited appearance that same day and sought to withdraw the trial record. By that point, 340 days had elapsed on the one-year clock, and Mr. Wright had taken no action to pursue federal habeas relief or a state post-conviction petition, which would have tolled the federal deadline.[3] It would be difficult to conclude that Mr. Small committed the type of "egregious misconduct" warranting equitable tolling when Mr. Wright left him so short a period to obtain the trial record and evaluate whether he could, consistent with his ethical obligations, pursue a state post-conviction petition on Mr. Wright's behalf. His failure to file something before the expiration of the federal deadline could amount to no more than "garden variety" neglect, if that. Moreover, Mr. Small was granted leave to withdraw from the case in January 2014, and Mr. Wright

---

[3] Mr. Wright acknowledges in one of his filings that he became aware of the one-year deadline for pursuing federal habeas relief sometime in February 2012. (ECF 15 at 7.)

waited another 287 days to file his *pro se* post-conviction petition.[4] In other words, a total of 627 days elapsed on the federal clock while Mr. Wright was representing himself. Thus, even if the court were to subtract all of the time Mr. Small represented Mr. Wright from the equation, Mr. Wright's petition still would have been filed well past the one-year deadline.

Mr. Wright also suggests that the deadline should be tolled because he is incarcerated and has no formal legal training. Success on that argument would require a change in the law. Neither of these factors qualify as grounds to equitably toll the deadline under AEDPA. Davis v. Humphreys, 747 F.3d 497, 500 (7th Cir. 2014) ("[P]risoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling.").

Mr. Wright's petition is untimely and cannot be considered on the merits. The court doesn't reach the respondent's alternative arguments that Mr. Wright's claims are procedurally defaulted and otherwise without merit.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases in which it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

---

[4] To the extent Mr. Wright is arguing that he had difficulty obtaining the trial records from Mr. Small after his withdrawal, the record reflects that Mr. Small returned the trial records to the state appellate court on November 26, 2013, shortly before his withdrawal from the case.

the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons already discussed, Mr. Wright's petition is significantly untimely. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. Wright to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

### III. CONCLUSION

For the reasons set forth above, the petition (ECF 2) is DENIED, and the petitioner is DENIED a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED on September 10, 2020

> s/ Robert L. Miller, Jr.
> JUDGE
> UNITED STATES DISTRICT COURT